UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

DOUGLAS COLEMAN,

Petitioner,

v.

BRAINERD HOSPITAL,

Respondent.

Civil No. 01-1044 (ADM/SRN)

**REPORT AND RECOMMENDATION**

The above-entitled matter is before the undersigned Magistrate Judge of District Court on Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to the undersigned for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1(c). As discussed more fully below, the Court concludes that Petitioner's habeas corpus petition cannot be entertained at this time, because he has not exhausted his available state court remedies. It will therefore be recommended that Petitioner's application for writ of habeas corpus be SUMMARILY DISMISSED WITHOUT PREJUDICE, pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

## I. BACKGROUND

It appears that Petitioner was arrested in or near Duluth, Minnesota, sometime late last year or early this year. It further appears that he was charged with some state criminal

[1] Rule 4 provides that "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

FILED JUN 15 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD______
DEPUTY CLERK______

offense, (the nature of which he has chosen not to disclose), and was taken into custody by the Sheriff for St. Louis County, Minnesota.

At some point during the pretrial stage of Petitioner's state criminal case, someone raised the issue of whether Petitioner was mentally competent to stand trial. See Minn. R. Crim. P. 20. On March 26, 2001, the state court judge entered an order in Petitioner's criminal case declaring him to be incompetent to stand trial due to mental illness. Petitioner claims that on April 4, 2001, he filed a "writ of certiorari" in the Minnesota Court of Appeals, in which he presumably challenged the trial court's finding of incompetency. (Petitioner's submissions do not indicate the outcome of that proceeding.)

Petitioner further claims that on April 9, 2001, the "St. Louis County Jail," (presumably meaning the Sheriff for St. Louis County), initiated a civil commitment proceeding against Petitioner. The judge in the civil commitment proceeding, (who was not the presiding judge in Petitioner's criminal case), concluded that Petitioner should be committed. As a result, Petitioner was sent to a hospital in Brainerd, Minnesota.

Plaintiff was being detained in the Brainerd Hospital when he filed his current federal habeas petition, and -- as far as the Court knows -- he is still there now. He is seeking a writ of habeas corpus directing the Brainerd Hospital to release him from custody. His petition sets forth only one ground for relief, which is described as "wrongful detention -- denial of right of appeal." (Petition, [Docket No. 1], p. (5), ¶ 12.A.) For the reasons discussed below, the Court concludes that Petitioner's application for habeas corpus relief cannot be entertained at this time.

## II. DISCUSSION

It is well established that a federal court may not entertain a petition for a writ of habeas corpus brought by a person in state custody, unless that person has first exhausted all available state court remedies. 28 U.S.C. § 2254(b); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Rose v. Lundy, 455 U.S. 509 (1982). This exhaustion of state remedies requirement is based on the principles of comity and federalism; its purpose is to ensure that state courts are given the first opportunity to correct alleged federal constitutional errors raised by individuals in state custody. O'Sullivan, 526 U.S. at 842; Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam); Rose v. Lundy, 455 U.S. at 518-19; Smittie v. Lockhart, 843 F.2d 295, 298 (8th Cir. 1988).

To exhaust his state court remedies, a state detainee must fairly present his constitutional claims to the highest available state court before seeking relief in federal court. O'Sullivan, 526 U.S. at 842;Duncan, 513 U.S. at 365-66; McCall v. Benson, 114 F.3d 754, 757 (8th Cir. 1997) ("before we may reach the merits of a habeas petition, we must first determine whether the petitioner has fairly presented his federal constitutional claims to the state court"). The exhaustion requirement is not satisfied unless the habeas petitioner has raised all of his claims at every available level of the state court appeal process. O'Sullivan, 526 U.S. at 845 ("[b]ecause the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts,... state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process") (emphasis added).

In this case, Petitioner has not exhausted his state court remedies, because he never appealed his civil commitment order to the Minnesota Court of Appeals or the Minnesota Supreme Court. Petitioner contends that he satisfied the exhaustion requirement by applying for a "writ of certiorari" in the Minnesota Court of Appeals, but that argument must be rejected. According to Petitioner's own submissions, he only sought appellate review of the incompetency order entered in his criminal case – not the subsequent civil commitment order at issue here. Indeed, Petitioner could not have challenged his commitment order in his application to the Court of Appeals, because (according to Petitioner's submissions) that application was filed before the civil commitment order was even entered.

Although Petitioner vaguely alleges that he has been unable to appeal his civil commitment order, that argument will not suffice. Petitioner has not described how (or if) he sought appellate review of the civil commitment order, or why his attempt to appeal (if any) was unsuccessful.

Furthermore, even if Petitioner could show some valid reason or excuse for not pursuing a direct appeal of the civil commitment order, there still would be at least one other state court remedy available to him -- namely a state habeas corpus petition. If Petitioner is being involuntarily detained by persons acting under color of state law, as he seems to be claiming, then he should be able to seek habeas corpus relief in state court pursuant to Minn. Stat. §§ 589.01 et seq.[2] See State ex rel. Anderson v. U.S. Veterans

---

[2] Minn.Stat. § 589.01 provides that:

"A person imprisoned or otherwise restrained of liberty, except

Hospital, 128 N.W.2d 710, 714 (Minn. 1964) (recognizing that a civilly committed patient may challenge the constitutionality of his confinement through state habeas corpus procedures).

It should also be noted that a state trial court order denying a habeas corpus petition can be appealed to the Minnesota Court of Appeals, (Minn.Stat. § 589.29); and if the Court of Appeals does not grant the relief requested, further review can be sought in the Minnesota Supreme Court. Minn. R. App. P. 117. Therefore, in order to satisfy the exhaustion of state remedies requirement, Petitioner must not only seek habeas corpus relief at the state district court level, but (if he loses) he must also exhaust his right to appeal to the Court of Appeals and the Supreme Court.

**III. CONCLUSION**

Because there are still state court remedies available to Petitioner for the claims he is attempting to present here, the Court concludes that he has not satisfied the exhaustion requirement imposed by 28 U.S.C. § 2254(b). Therefore, Petitioner's current application for federal habeas corpus relief cannot be entertained at this time. The Court will recommend that the instant petition be summarily dismissed pursuant to Rule 4 of The Rules Governing Section 2254 Cases, because it plainly appears on the face of the

---

persons committed or detained by virtue of the final judgment of a competent tribunal of civil or criminal jurisdiction, or by virtue of an execution issued upon the judgment, may apply for a writ of habeas corpus to obtain relief from imprisonment or restraint. For purposes of this section, an order of commitment for an alleged contempt or an order upon proceedings as for contempt to enforce the rights or remedies of a party is not a judgment, nor does attachment or other process issued upon these types of orders constitute an execution." (Emphasis added.)

petition that Petitioner is not currently entitled to the relief he is seeking. The petition should be dismissed without prejudice, however, so that Petitioner can bring his federal constitutional claims back to federal court, if necessary, after all such claims have been fairly presented to, and decided on the merits by, the Minnesota state courts -- including the Minnesota Supreme Court. See Gray v. Hopkins, 986 F.2d 1236, 1237 (8th Cir.), cert. denied, 510 U.S. 839 (1993).[3]

Finally, the Court notes that Petitioner did not pay the $5 filing fee for his petition, (see 28 U.S.C. § 1914(a)), but instead filed an application seeking leave to proceed in forma pauperis, ("IFP"). (Docket No. 3.) Because the instant petition cannot be entertained at this time, Petitioner's IFP application must be denied. See 28 U.S.C. § 1915(e)(2)(B)(ii); see also, Kruger v. Erickson, 77 F.3d 1071, 1074, n. 3 (8th Cir. 1996) (per curiam) (IFP application should be denied where habeas petition cannot be entertained).

## IV. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

---

[3] The Court notes that even if the current petition were not barred due to non-exhaustion, it probably would have been summarily dismissed, because Petitioner has not adequately explained the factual and legal bases for his claims. Most notably, Petitioner has not identified any federal constitutional basis for his habeas petition. See 28 U.S.C. § 2254(a) (federal habeas relief is available to a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States"). If Petitioner does find it necessary to seek further relief in federal court after he has fully exhausted all of his state court remedies, he should make a concerted effort to describe his constitutional claims, and the facts on which they are based, with much greater specificity and clarity.

1. Petitioner's Application To Proceed Without Prepayment Of Fees, (Docket No. 3), be DENIED; and

2. Petitioner's Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254, (Docket No. 1), be DISMISSED WITHOUT PREJUDICE.

Dated: June 14, 2001

Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this report and recommendation by filing with the Clerk of Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief with ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.